JULIUS SHEPHARD V. THE STATE.

No. 20692. Delivered January 10, 1940.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for four years.

Appellant lived about 350 feet from the store of H. T. Bowers. A trail led from the back door of the store to appellant's home. On the 27th of April, 1939, Mr. Bowers' place of business was burglarized and a quantity of merchandise taken therefrom. Shortly after the burglary a cap belonging to appellant was found in the trail leading from the store to appellant's home. Officers testified that, pursuant to a statement made to them by appellant, while he was under arrest, they went to appellant's home and recovered a quantity of the stolen merchandise, which they delivered to Mr. Bowers. Mr. Bowers identified the property as belonging to him. It was further the version of the officers that they did not know where the stolen property was until appellant told them it was in his home. Further, they testified that appellant told them that he had entered the store and stolen said property.

Appellant denied that he made any statement to the officers concerning the whereabouts of Mr. Bowers' property. It was his version that they went to his home and searched it without his consent. Further, he denied that he committed the burglary. However, he stated that he was drunk on the night of the burglary and that if he entered the store of Mr. Bowers and took his property he knew nothing about it.

The court instructed the jury as follows: "If you believe, or have a reasonable doubt thereof, that the alleged stolen property, if any, was not found as a result of statements made by the defendant to the officers, if any, then you will not consider for any purposes any statement made to said officers

by the defendant, if any, or anything found as a result of such statement to the officers, if any."

Further, the court instructed the jury in language as follows:

"Or if you believe, or if you have a reasonable doubt thereof, that the officers searched the private residence of defendant, without the free consent of the defendant, then you will not consider for any purpose the statements made to said officers by the defendant, if any, or anything found as a result of such statement to the officers, if any."

We are unable to agree with appellant that in the foregoing charges the court assumed that appellant made the statements attributed to him by the officers. Such charges appear to leave it to the jury to determine whether the declarations in question were made by the appellant.

We deem the evidence sufficient to support the judgment of conviction.

In sentencing appellant the court failed to give effect to the Indeterminate Sentence Law. See Art. 775, C. C. P. The sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than two nor more than four years.

As reformed, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.